UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEO D. PATTERSON,

    Petitioner,

vs.                              Case No.    3:13-cv-17-J-32PDB
                                                              3:09-cr-7-J-32TEM

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1), Petitioner's Memorandum in Support (Doc. 6), the government's response (Doc. 9), and Petitioner's Reply (Doc. 10). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

**A. Ground One: The Court improperly counted two prior drug convictions in sentencing Petitioner as an armed career criminal**

Petitioner claims that his 15-year mandatory minimum sentence is invalid because the Court incorrectly considered two prior convictions to be serious drug offenses in designating him as an armed career criminal. (Doc. 1 at 4; Doc. 6 at 3-4). Petitioner's attorney unsuccessfully argued at sentencing that the prior convictions did not qualify as serious drug offenses under the Armed Career Criminal Act (ACCA), but did not raise this particular issue on appeal. See United States v. Patterson, 423 F. App'x 921 (11th Cir. 2011).

Issues that a petitioner could have raised on direct appeal, but failed to, are procedurally barred in § 2255 motions. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2005). A petitioner can overcome a procedural default, however, either through a showing of actual innocence, Schlup v. Delo, 513 U.S. 298 (1995), or by showing cause and prejudice. Murray v. Carrier, 477 U.S. 478 (1986). The ineffective assistance of counsel may constitute cause and prejudice. Id. at 488.

The actual innocence exception is not available to a habeas petitioner claiming "innocence" of a career offender designation where the petitioner merely argues that certain prior convictions do not legally count as qualifying felonies. McKay v. United States, 657 F.3d 1190, 1198-99 (11th Cir. 2011). As the Eleventh Circuit explained, "actual innocence means factual innocence, not mere legal insufficiency." Id. at 1197 (emphasis in original) (internal quotations and citation omitted). Here, Petitioner concedes that he has several prior convictions, but asserts that "such priors are not the type of priors Congress had in mind under [18 U.S.C. § 924(e)]." (Doc. 6 at 2). Petitioner thus does not argue that he is factually innocent of the conduct underlying the prior convictions, but that the prior convictions do not legally count as qualifying felonies for purposes of the Armed Career Criminal Act. As such, McKay forecloses application of the "actual innocence" exception to Petitioner's case, because Petitioner's claim "is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." McKay, 657 F.3d at 1198 (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

Nor has Petitioner satisfied the cause and prejudice standard. As discussed below, Petitioner has not shown that the ineffective assistance of counsel caused him to be wrongly sentenced as an armed career criminal.

2

**B. Grounds Two, Three, and Four: Ineffective Assistance of Counsel**

Petitioner argues that his sentence is invalid because he received ineffective assistance of counsel both at sentencing and on direct appeal. (Doc. 1; 6).[1] Specifically, Petitioner asserts that he was incorrectly sentenced as an armed career criminal because his counsel failed to argue that two prior drug convictions were not qualifying felonies under the ACCA. (Doc. 6). A drug conviction is a qualifying felony under the ACCA where it was an offense under state law involving the distribution or possession with the intent to distribute a controlled substance, punishable by ten years or more. 18 U.S.C. § 924(e). Without the two drug convictions, Petitioner would have had only two qualifying felonies, rather than the requisite three, and therefore would not have been sentenced as an armed career criminal. (Doc. 6 at 3-4).

To succeed on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance was deficient. Davis v. Terry, 465 F.3d 1249, 1255 (11th Cir. 2006). Next, Petitioner must demonstrate that the deficient performance prejudiced his defense. Id.

Here, Petitioner cannot meet either prong. Petitioner's attorney objected to the classification of each predicate felony as a qualifying felony under the ACCA. (Doc. 9-2 at 2-3). Specifically, defense counsel zealously argued that the record was unclear as to which drug offense Petitioner had been convicted of, and therefore argued that the offense could not be found to be a qualifying felony. (Doc. 9-2 at 20). When the government

---

[1] Petitioner has asserted that he is "actually innocent". (Doc. 6 at 6). However, he only argues that he is innocent of being an armed career criminal, not that he is innocent of the ultimate offense. (Doc. 6 at 5-6). As such, this claim overlaps with the determination of whether counsel was ineffective in failing to argue that Petitioner was not an armed career criminal.

3

introduced the plea colloquy for the drug offenses, defense counsel objected to the colloquy's introduction, and argued that, even with the introduction of the transcript, it was still unclear as to which drug offense Petitioner was convicted. (Doc. 9-2 at 21-24). The Court continued the sentencing, and, upon reconvening, defense counsel repeated his arguments against the use of the drug convictions as qualifying felonies. (Doc. 9-3 at 22-27). The Court, however, found that the plea colloquy for the drug offense clarified that Petitioner violated Fla. Stat. § 893.13(1)(a)(1) by selling cocaine, a felony punishable by up to fifteen years. (Doc. 9-3 at 39). As defense counsel repeatedly raised the same arguments Petitioner raises in this Motion, counsel's performance was not deficient.

Moreover, even if counsel had failed to raise the argument that the predicate drug offenses were not qualifying felonies, Petitioner's claim would still fail because Petitioner could not have suffered prejudice, since the two drug convictions are qualifying felonies. On August 3rd, 2001, Petitioner pled guilty to two counts of the sale of cocaine under Fla. Stat. § 893.13(1)(a) (2001), which he acknowledged at the time were felonies punishable by up to 15 years imprisonment. (Doc. 9-2 at 23-26). In the factual basis for that plea, the Court stated that Petitioner sold a controlled substance described in Section 893.02(2)(a). (Doc. 9-3 at 24). This was clearly either a scrivenor's error or an error in speech, since § 893.02(2) merely defines analog and chemical analog, does not describe any drug, does not contain a part (a), and is not listed as a referenced statute under § 893.13(1)(a). § 893.02. Moreover, Petitioner admitted in that same plea colloquy that he was pleading guilty to two charges of selling cocaine. (Doc. 9-2 at 25). Therefore, as the sentencing court found, the plea colloquy intended to refer to § 893.03(2)(a), which prohibits the sale of cocaine. § 893.03(2)(a). As such, Petitioner's drug convictions were second degree

4

felonies, punishable by a term of up to fifteen years. § 893.13(1)(a)(1). Accordingly, they were qualifying felonies under the ACCA and Petitioner was appropriately sentenced as an armed career criminal.

Appellate counsel was therefore also not deficient in failing to bring up a losing argument on appeal. Moreover, Petitioner did not suffer prejudice from appellate counsel's failure to raise this argument, since it would have been unsuccessful in any event.

**ORDERED:**

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**. The Clerk should close the file. The Clerk should also terminate Petitioner's Motion to Vacate (Doc. 77) and Motion Requesting Status (Doc. 73) in 3:09-cr-7-J-32TEM.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-Eli v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he

5

is not entitled to appeal in forma pauperis.

Certificate of appealability and leave to appeal in forma pauperis **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 27th day of August, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:
Counsel of Record

Pro Se party